(65 App. Div. 414.)

CUTTING et al. v. BALTIMORE & O. R. CO. et al.

(Supreme Court, Appellate Division, Second Department.   November 22, 1901.)

CORPORATIONS—INSOLVENCY—MORTGAGE FORECLOSURE—RIGHTS OF STOCKHOLD-
ERS.

> A transit company, being hopelessly insolvent, transferred 51 per cent.
> of its stock to a railroad company, in consideration of a guaranty by it
> of certain second mortgage bonds of the transit company.  The transit
> company also had outstanding income bonds, a large amount of which
> were held by the railroad company, which was also a creditor on open
> account.   When the interest of the second mortgage fell due, the railroad
> company did not have sufficient assets of the transit company to pay
> the same without foregoing payment of its own claim, and it "actively
> instigated" the foreclosure of the second mortgage, with the intention of
> purchasing at the sale, and did purchase indirectly, through a new cor-
> poration, all the capital stock of which was transferred to the railroad
> company.  The trial court did not find fraud, as alleged, but only that
> the railroad's action was "technically wrong," and the court regarded
> the stock of the minority stockholders in the transit company as of no
> substantial value.  *Held* that, in determining that some possible future
> value of their old stock entitled them to a like amount in the new cor-
> poration, it was not error to hold that they were not so entitled, without
> bearing their pro rata proportion of the just claims of the railroad com-
> pany against the transit company.

Appeal from special term, Richmond county.

Action by Robert L. Cutting and others, on behalf of the stock-
holders of the Staten Island Rapid Transit Railroad Company,
against the Baltimore & Ohio Railroad Company, impleaded with
others. . From a portion of the final judgment (72 N. Y. Supp. 27)
the plaintiffs appeal.   Affirmed. ·

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and SEWELL, JJ.

E. L. Andrews (Anderson Price and Charles H. Blair, on the
brief), for appellants.

William D. Guthrie, for respondent.

PER CURIAM.   The Staten Island Rapid Transit Company was
hopelessly insolvent.   Its capital stock was $500,000.   It transferred
$255,000 of this stock to the Baltimore & Ohio Railroad Company.
In consideration of this transfer the Baltimore & Ohio guarantied
the payment of $2,500,000 second mortgage bonds of the Staten
Island Company.   The Baltimore & Ohio thus acquired control of
the Staten Island Company and its property.   There were upon that
property first and second mortgages aggregating $3,500,000.   The
Staten Island Company also had outstanding income bonds amount-
ing to $4,500,000, more than half of which bonds were held by the
Baltimore & Ohio.   It also owed the Baltimore & Ohio more than
$1,100,000 on open account.   The interest on the second mortgage
came due.   The Baltimore & Ohio did not have on hand sufficient
assets of the Staten Island Company to provide for the payment
of this interest unless it made default in the payment of other de-
mands against the Staten Island Company, or unless it should forego
payment of its own claim against the Staten Island.   The Baltimore

& Ohio consequently omitted to pay the interest on the second mortgage, and, as the learned trial judge decided, "actively instigated" the foreclosure of the second mortgage, with the purpose and intent of becoming the purchaser. This intent was carried out indirectly. At the sale the property was bought by a new corporation, the Staten Island Rapid Transit Railway (instead of Railroad) Company, all the capital stock of which was transferred to the Baltimore & Ohio. The plaintiffs represent the minority stockholders of the old Staten Island Rapid Transit Railroad Company, holding the 49 per cent. of the stock which was not acquired by the Baltimore & Ohio. The court below has held that the conduct of the Baltimore & Ohio in instigating the foreclosure of the second mortgage was a technical wrong toward these minority stockholders, and that "under these circumstances the defendant [the Baltimore & Ohio] holds 49 per cent. of the stock of the new company in trust for the minority stockholders of the old company." In the view of the learned judge, the condition of the old company was such as to render liquidation inevitable. The stock of the minority stockholders had no substantial value, and they would probably have fared no better in the result if the Baltimore & Ohio, instead of furthering the foreclosure of the second mortgage, had suffered the affairs of the old company to be otherwise wound up. Therefore, while holding that some possible future value of their old stock entitled them to follow the new stock and charge it with their equity, he was of the opinion that they could not do this without bearing their pro rata proportion of the just claims of the Baltimore & Ohio against the property of the old company. The argument of the learned counsel for the appellants has failed to convince us that the conclusion of the trial judge in this respect was erroneous. It is apparent from the decision that he found against the plaintiffs on their allegations of fraud, trick, device, and deception. This is sufficiently evident from the declaration that the defendant was "technically wrong,"—an expression which could hardly accompany the idea of an actual fraudulent intent. The judgment should be affirmed.

Judgment, so far as appealed from, affirmed, with costs.